JLW/DSG: USAO 2023R00055

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PJM-23-032 |
| | * | |
| RODLEY BALTHAZAR and | * | (Conspiracy, 18 U.S.C. § 371; |
| ABDUL KARIM TURAY, JR., | * | Receipt and Possession of Stolen |
| | * | Motor Vehicles, 18 U.S.C. § 2313; |
| Defendants | * | Aiding and Abetting, 18 U.S.C. § 2; |
| | * | Forfeiture, 18 U.S.C. § 982(a)(5) and |
| | * | (b)(1), 21 U.S.C. § 853(p), and |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |

*******

USDC- GREENBELT
'23 MAR 2 PM2:40
AV

### SUPERSEDING INDICTMENT

### COUNT ONE
**(Conspiracy to Commit Interstate Transportation of Stolen Motor Vehicles)**

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Superseding Indictment:

### The Conspiracy and Its Object

1.     Between at least in or about September 2019 and in or about June 2022, in the

District of Maryland and elsewhere, the defendants,

### RODLEY BALTHAZAR and
### ABDUL KARIM TURAY, JR.,

knowingly and willfully combined, conspired, confederated, and agreed with each other and

others, known and unknown to the Grand Jury, to commit an offense against the United States,

specifically, to transport in interstate and foreign commerce motor vehicles knowing such motor

vehicles to have been stolen, in violation of 18 U.S.C. § 2312.

## Manner and Means of the Conspiracy

2.     The conspiracy was carried out through the following manner and means, among others:

a.     **BALTHAZAR** and his coconspirators used fraudulent driver's licenses and credit cards in false names to obtain vehicles from rental car companies at locations in Maryland, Virginia, Washington, D.C, Delaware, North Carolina, Pennsylvania, Tennessee, Georgia, Florida, and elsewhere.

b.     **BALTHAZAR**, **TURAY**, and their coconspirators transported stolen vehicles to various locations, including locations in Prince George's County, Maryland, where the vehicles were loaded into shipping containers.

c.     Co-conspirators arranged for shipping containers containing stolen rental vehicles to be transported to the Port of Baltimore for export to countries in West Africa, including Sierra Leone.

d.     Co-conspirators caused the export paperwork for the shipping containers to be falsified in order to avoid declaring the stolen vehicles for export with U.S. Customs and Border Protection.

## Overt Acts

3.     In furtherance of the conspiracy and to achieve its purposes, **BALTHAZAR, TURAY,** and their co-conspirators committed the following overt acts, among others, in the District of Maryland and elsewhere:

a.     On or about September 12, 2019, **TURAY** drove a stolen silver Toyota Highlander (the "stolen Toyota Highlander"), with **BALTHAZAR** as a passenger, to a storage lot in Hyattsville, Maryland (the "Hyattsville lot"). Later the same day, **TURAY** and

2

**BALTHAZAR** left the Hyattsville lot in a stolen silver Jeep Wrangler (the "stolen Jeep Wrangler") driven by **TURAY**.

        b.      Later the same day, on or about September 12, 2019, **BALTHAZAR** presented a fraudulent Illinois driver's license in the name of "Faroop Jenkins" at a rental car company location in Woodbridge, Virginia, in order to rent a white Jeep Compass (the "stolen Jeep Compass").

        c.      On or about September 12, 2019, **BALTHAZAR** drove **TURAY** in the stolen Jeep Compass to a parking lot located in Bladensburg, Maryland (the "Bladensburg parking lot") where the stolen Jeep Wrangler was parked.

        d.      On or about September 12, 2019, **TURAY** drove the stolen Jeep Wrangler from the Bladensburg parking lot to the Hyattsville lot.

        e.      On or about September 12, 2019, **TURAY** and his co-conspirators loaded and caused to be loaded the stolen Jeep Wrangler onto a shipping container bearing identification number MRKU3871318 at the Hyattsville lot.

        f.      At some point between on or about September 12, 2019 and on or about September 19, 2019, co-conspirators loaded and caused to be loaded the stolen Toyota Highlander into the shipping container with the stolen Jeep Wrangler.

        g.      On or about September 19, 2019, co-conspirators caused the container bearing identification number MRKU3871318 to be presented to U.S. Customs and Border Protection at the Port of Baltimore for export to Sierra Leone. On or about September 23, 2019, the stolen Jeep Wrangler and the stolen Toyota Highlander were recovered from this shipping container at the Port of Baltimore.

   h. On or about September 23, 2019, co-conspirators caused the stolen Jeep Compass to be loaded onto a shipping container bearing identification number MRSU3966334 at the Hyattsville lot.

   i. On or about September 26, 2019, co-conspirators caused the shipping container bearing identification number MRSU3966334 to be presented to U.S. Customs and Border Protection at the Port of Baltimore for export to Sierra Leone. The following day, on or about September 27, 2019, the stolen Jeep Compass was recovered from this shipping container at the Port of Baltimore.

   j. On or about May 23, 2022, **BALTHAZAR** presented a fraudulent California driver's license bearing **BALTHAZAR**'s photograph and a false name at a rental car company location in Orlando, Florida while attempting to rent a motor vehicle.

   k. On or about June 1, 2022, **BALTHAZAR** identified himself using a false name at a rental car company location in Nashville, Tennessee while attempting to rent a motor vehicle.

18 U.S.C. § 371

4

## COUNT TWO
### (Receipt and Possession of Stolen Motor Vehicle)

The Grand Jury for the District of Maryland further charges that:

On or about September 12, 2019, in the District of Maryland, the defendant,

## RODLEY BALTHAZAR,

did receive, possess, conceal, store, barter, sell and dispose of a motor vehicle—that is,

a white Jeep Compass bearing New York registration JGT5866 and vehicle identification

number 3C4NJDDB8KT733425—which vehicle had crossed a State boundary after being stolen

from Virginia and subsequently brought into Maryland, knowing such motor vehicle to have

been stolen.

18 U.S.C. § 2313
18 U.S.C. § 2

5

## COUNT THREE
### (Receipt and Possession of Stolen Motor Vehicle)

The Grand Jury for the District of Maryland further charges that:

On or about September 12, 2019, in the District of Maryland, the defendant,

### ABDUL KARIM TURAY, JR.

did receive, possess, conceal, store, barter, sell and dispose of a motor vehicle—that is,

a silver Toyota Highlander bearing Florida Registration LDRZ97 and vehicle identification

number 5TDZZRFHXKS319954—which vehicle had crossed a State boundary after being stolen

from Virginia and subsequently brought into Maryland, knowing such motor vehicle to have

been stolen.

18 U.S.C. § 2313
18 U.S.C. § 2

6

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.    Pursuant to Federal Rule of Criminal Procedure 32.2, notice is given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 982(a)(5) and (b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) as a result of the defendant's conviction under Counts One, Two, and Three of this Superseding Indictment.

### Stolen Motor Vehicle Forfeiture

2.    Upon conviction of the offenses charged in Counts One, Two and Three of this Superseding Indictment, the defendants,

**RODLEY BALTHAZAR, and
ABDUL KARIM TURAY, JR.**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(5), any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such offenses.

### Substitute Assets

3.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of any defendant,

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided
       without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C.

§ 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants

up to the value of the forfeitable property described above.

18 U.S.C. § 982(a)(5) and (b)(1)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Erek L. Barron
United States Attorney

A TRUE BILL:

SIGNATURE

Date:   March 2, 2023

8